```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MONTGOMERY CARK AKERS,**

                        **Plaintiff,**

      v.                              CASE NO. 09-3032-SAC

**JAMES KESZEI, et al.,**

                        **Defendants.**

**O R D E R**

Before the court is a <u>Bivens</u>[1] complaint filed in the United States District Court in the Southern District of New York, and then transferred to the District of Kansas. Plaintiff is a prisoner incarcerated in the United States Penitentiary in Florence, Colorado (USP-Florence).[2] He proceeds pro se in this matter, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] Although the complaint names Grazyna Schulz-Akers as an additional plaintiff, the transfer order entered by the Southern District of New York noted, and this court agrees, that plaintiff may not proceed on behalf of this additional party.

fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[3] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Relevant to plaintiff's allegations, the Tenth Circuit Court of Appeals set forth the following facts in affirming plaintiff's conviction in the District of Kansas. United States v. Akers, 261 Fed.Appx. 110, 2008 WL 152604 (10th Cir. January 16, 2008)

---

[3]Plaintiff is a prolific litigator in federal court, and has filed cases and appeals in at least fifteen different federal jurisdictions. In the District of Kansas, plaintiff is subject to paying the following prior fee obligations: Akers v. Vratil, Case No. 05-3080-GTV ($250.00 district court filing fee); Akers v. Martin, Case No. 08-3175-SAC ($350.00 district court filing fee *and* $455.00 appellate filing fee); Akers v. Shute, Case No. 08-3106-SAC ($350.00 district court filing fee).

(unpublished).  Plaintiff was serving a 107 month sentence on convictions including fourteen counts of bank fraud when he was indicted on five counts of wire fraud based during his incarceration in the United States Penitentiary in Leavenworth, Kansas (USP-LVN). While that indictment was pending, plaintiff was confined in Leavenworth, Kansas, in a detention facility operated by the Corrections Corporation of America (CCA-LVN).  The government filed a superseding indictment to additionally charge plaintiff with conspiracy to commit bank fraud, based upon plaintiff's activities with another CCA-LVN prisoner.[4]  Pursuant to a plea agreement, plaintiff pled guilty to one count of wire fraud.

In the present action, plaintiff seeks relief on allegations of a conspiracy to violate his rights.  Plaintiff states the conspiracy began in September 2004 when FBI Agent Keszei, acting on the authority of Assistant United States Attorney (AUSA) Kim Martin, placed a prisoner informant (Donald Mixan) in plaintiff's cell "to fabricate information and ultimately manufacture criminal conduct" in plaintiff. (Complaint, Doc. 2, p. 3).  Plaintiff alleges Mixan, with Agent Keszei's assistance, went to New York with Misty Stewart where Mixan impersonated plaintiff in setting up accounts in New York to make unauthorized charges.  Plaintiff further alleges Agent Keszei and AUSA Martin directed Mixan to purchase drug manufacturing equipment for transport to Nebraska for the production of

---

[4]The CCA-LVN prisoner (Donald Mixan), named as a co-defendant, entered a plea of guilty to conspiracy to commit mail and wire fraud.

methamphetamine, and Christopher Johnson of the United States Marshal Service helped provide safe passage from New York to Nebraska and Kansas. Plaintiff claims this conspiracy continues to the present, and was assisted in October 2004 when CCA-LVN Officers J. Shields and Sandra Elliott began stealing plaintiff's mail and sending it to the FBI. Plaintiff also claims Jacquelyn Rokusek, his court appointed attorney in the District of Kansas criminal proceeding, joined and aided the conspiracy in October 2005 by acting as a "special assistant United States attorney" in concert with AUSA Martin.

Plaintiff also alleges a conspiracy to unlawfully deprive him of funds held in a specific New York bank. Plaintiff alleges USP-Florence Warden Wiley and USP-Florence Legal Advisor Synsvoll, with the assistance of Agent Keszei, AUSA Martin, and Rokusek, conspired to deprive plaintiff funds held in the Bank of New York, Wall Street Branch, which has prevented plaintiff from providing for his wife and from hiring attorneys to represent him in unspecified post-conviction and civil litigation.[5]

On these allegations plaintiff seeks over nine million dollars in damages and costs. Having reviewed the record, the court finds the complaint is subject to being summarily dismissed as stating no

---

[5] Plaintiff filed a similar complaint in the District of New Hampshire in which he named many of the defendants in the instant case, and alleged the unlawful denial of access to his funds in New Hampshire. See Akers v. Keszei, et al., Case No. 08-334 (complaint filed August 19, 2008). See also Akers v. Watts, et al., Case No. 08-140 (amended complaint filed December 15, 2008)(alleging involvement by FBI and Kansas defendants in preventing plaintiff's access to financial accounts in Washington, D.C.).

claim upon which relief can be granted under Bivens.

To establish a Bivens cause of action, a party must have some evidence to support finding that federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Seigert v. Gilley, 500 U.S. 226 (1991)(to support Bivens claim, alleged conduct must rise to level of constitutional violation). Bivens suits are the federal analogue to suits brought against state officials pursuant to 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006).

Clearly, to any extent plaintiff's allegations would necessarily undermine his criminal conviction in the District of Kansas, plaintiff's claim for damages is barred until he can demonstrate his conviction has been reversed, set aside, or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck applies to Bivens claims).

If plaintiff's allegations are not subject to Heck, it plainly appears plaintiff is time barred from pursuing relief on allegations dating back to 2004 during his CCA-LVN confinement. See Hamilton v.

City of Overland Park, Kan., 730 F.2d 613, 614 (10th Cir. 1984)(en banc)(Kansas two year statute of limitations, K.S.A. 60-513, applies to civil rights claims), *cert. denied*, 471 U.S. 1052 (1985). While a pro se litigant's filings are to be construed generously, Erickson v. Pardus, 551 U.S. 89 (2007), more than a conclusory claim of a continuing conspiracy to the present is required to avoid the time bar on such claims. *See* Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) (declining to determine if continuing violations doctrines applies to § 1983 suits), *cert. denied*, 513 U.S. 832 (1994); Frazier v. Jordan, No. 06-1333, 2007 WL 60883, at *4 (10th Cir., Jan. 10, 2007)(unpublished)(noting the Tenth Circuit has never applied continuing violation theory to § 1983 claims), *cert. denied* 127 S.Ct. 2892 (2007).[6]

Moreover, plaintiff's allegations in the present complaint are insufficient to establish a conspiracy. Plaintiff's conclusory allegations of one or more conspiracies by defendants fail to provide a sufficient factual basis for finding any concerted action and agreement by defendants to violate plaintiff's constitutional rights.[7] *See* Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533

---

[6] This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

[7] Additionally, plaintiff's conclusory allegations of a conspiracy are wholly insufficient to state cognizable claims under Bivens against the private individual defendants such as plaintiff's court appointed defense counsel and the two informants. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). *See also* Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005)(no right of action for damages under Bivens against employees of a private prison for alleged constitutional deprivations when alternative state causes of action for damages are available to plaintiff).

6

(10th Cir. 1998); Dixon v. City of Lawton, Okl., 898 F.2d 1443, 1449 (10th Cir. 1990); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

To the extent plaintiff alleges a more recent conspiracy involving USP-Florence officers to deprive plaintiff access to funds in plaintiff's New York account(s), this conclusory allegation is insufficient to establish personal jurisdiction over the USP-Florence defendants in the District of Kansas. See Melea, Ltd. v. Jawer SA, 511 F.3d 1060, 1069 (10th Cir. 2007)("In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy.")(quoting Lolavar v. de Santibanes, 430 F.3d 221, 229 (4th Cir. 2005)).

### Motion for Remand

In transferring this matter to the District of Kansas, the district court judge in the Southern District of New York stated in part:

> "Here, plaintiff Montgomery Carl Akers alleges that the conspiracy to deprive him of his rights was initiated at the Leavenworth Detention Center when an informant was 'planted' in his cell. In addition, he brings this action against various individuals involved in his federal criminal action in the District of Kansas, United States v. Akers, No. 04 CR 20089-KHV (D.Kan. Dec. 7, 2006), and others located in Leavenworth Kansas and Florence, Colorado. Since a substantial part of the events or omissions giving rise to plaintiff Montgomery Carl Akers' claims allegedly occurred in Leavenworth, Kansas and the

7

>action may be related to his federal criminal action in the District of Kansas, the action should be and hereby is transferred to the United States District Court for the District of Kansas.  28 U.S.C. § § 1391(b), 1406(a)."

Transfer Order, Doc. 3 in the present case, p.2.

Plaintiff now has filed a motion to remand this action back to the Southern District of New York, pursuant to 28 U.S.C. § 1447(a), (c), and (d).[8]  He argues the transfer of his complaint under 28 U.S.C. § 1406(a) was not appropriate because defendants' actions in facilitating the conspiracy "took place in the Southern District of New York, .. [and] none of the acts and actions of the defendants took place in the District of Kansas."  He also argues venue in the Southern District of New York is appropriate, based on the alleged breach in New York of underlying contracts between plaintiff, Chase Financial, and Mixan.

However, the decision by the Southern District Court for New York to transfer this case to the District of Kansas is the law of the case.  Under law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  Discussing this doctrine the Supreme Court has stated that "the policies supporting the doctrine apply with even greater force to transfer decisions than to

---

[8] Plaintiff's reliance on 28 U.S.C. § 1447 is misplaced, as that statute addresses a federal court's remand to a *state* court of a *state* court action that was removed to federal court.

8

decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1987). *See also* Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)("traditional principles of law of the case counsel against the transferee court reevaluating rulings of the transferor court, including its transfer order").

Additionally, principles of comity weigh against a transferee court reexamining issues already decided by a coordinate court of equal authority. Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169 (3rd. Cir. 1982).

The transferee court may reconsider the transferor court's order for transfer if the governing law has been changed by a subsequent decision of a higher court, if new evidence has become available, if necessary to prevent manifest injustice when clear error has been committed, Chrysler Credit, 928 F.2d at 1516, or if circumstances have changed enough to warrant retransfer, *see* Koehring Co. v. Hyde Const. Co., 382 U.S. 362, 365 (1966). Finding none of these exceptions are demonstrated in this case, the court denies plaintiff's motion for retransfer.

*Notice and Show Cause Order to Plaintiff*

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for

relief.[9]  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"); 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).  See also 28 U.S.C. § 1915(e)(2)(B)(ii) (a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").[10]

   IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 1) is granted pursuant to 28 U.S.C. § 1915(b)(4), with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's

---

[9] Dismissal of the USP-Florence defendants would be without prejudice to plaintiff pursuing relief in the District of Colorado, subject to filing restrictions imposed by that court on plaintiff's filing of any new litigation.  See Akers v. Sandoval, No. 94-B-2445 (D.Colo. June 20, 1995)(imposing restrictions on plaintiff filing future pro se actions in District of Colorado), aff'd 100 F.3d 967 (10th Cir. 1996).

[10] See Akers v. Watts, 2008 WL 5206999 **1-2 (D.D.C. December 12, 2008)(identifying two "strikes" against plaintiff, and noting the possibility of a third upon resolution of a pending appeal).

outstanding fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that plaintiff's motion for remand (Doc. 4) is denied.

The clerk's office is to provide copies of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 27th day of February 2009 at Topeka, Kansas.

                                     s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge